Brett C. KIMBERLIN, Plaintiff,

v.

DEPARTMENT OF JUSTICE,
et al., Defendants.

Civil Action Nos. 95–01328, 95–01329.

United States District Court,
District of Columbia.

April 11, 1996.

---

Brett C. Kimberlin, Glen Echo, MD, Pro Se.

Cynthia Ann Schnedar, U.S. Attorney's Office, Washington, DC, for Department of Justice, Drug Enforcement Administration, Office of Information and Privacy.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on cross-motions for summary judgment on two related actions brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff is pursuing both actions *pro se.*

## FACTS

Plaintiff filed these actions seeking the following categories of documents: 1) all of the Drug Enforcement Administration's (DEA) files related to any investigation by the DEA regarding former Vice President Dan Quayle; 2) all files from the Office of Professional Responsibility (OPR) relating to its investigation of the release of the material in category one to a reporter for the Indianapolis Star newspaper. The Plaintiff has agreed to limit his request in category one to any documents that may have been released to the press rather than to the entire category of documents. The Defendants have released to Plaintiff the DEA file in question with names and identifying information redacted pursuant to FOIA Exemption 7(C).

The Court has reviewed certain records *in camera* including the unredacted versions of the DEA file. It has also reviewed the reasons given by the OPR regarding the disclosure of the information to the press by the United States Attorney's Office.

## FOIA EXEMPTION 7(C)

Exemption 7(C) provides that an agency may withhold:

> [I]nvestigatory records compiled for law enforcement purposes, or information which if written would be contained in such records, but only to the extent that the production of such records or information would ... constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

▌ In examining the applicability of Exemption 7(C) the Court must balance the privacy interests that would be compromised by disclosure against the public interest in the release of the requested information. *Davis v. Department of Justice*, 968 F.2d 1276, 1281 (D.C.Cir.1992). It is well settled that individuals have a cognizable interest under Exemption 7(C) "in keeping secret the fact that they were subjects of a law enforcement investigation." *Nation Magazine v. United States Customs Service*, 71 F.3d 885, 894 (D.C.Cir.1995) (and cases cited therein). In examining the public interest side of the equation the Court must look to "the citizens' right to be informed about what their government is up to." *Department of Justice v. Reporters Committee*, 489 U.S. 749, 772, 109 S.Ct., 1468, 1481, 103 L.Ed.2d 774 (1989).

## DEA Files

▌ The Government has submitted certain documents *in camera* for the Court's inspection. These documents show that Assistant United States Attorney (AUSA) John Thar released information contained in DEA files to the press. The information was released by That in reliance on the express approval of the United States Attorney for the District of Indiana. The United States Attorney gave AUSA Thar approval to discuss the matter with the press in the belief that officials at the Justice Department had authorized her to do so. The Justice Department concedes that it had given permission to release some of the information now at issue. However, Justice claims that the authorization was for a specific inquiry from another news organization and was more limited in scope than the material that was ultimately released by AUSA Thar.

The issue of who was authorized to disclose what, to whom, and when such disclosure would take place, was the subject of much confusion within the Justice Department. Suffice it to say that the authorization process was vaguely reminiscent of Abbott and Costello's classic routine "Who's on First?" Simply put, communication was unclear and misunderstandings resulted.

The Government now asks this Court to find that the Thar disclosure was not "authorized" and for this reason to deny Plaintiff the information he seeks. Unfortunately, the information already has been made public and is incapable of being returned. To allow the Government to now withhold information that it has already disclosed pursuant to a valid, albeit misunderstood, authorization would permit the Government to engage in withholding of information from the public that is intolerable under the law. Justice Department Officials could selectively disclose non-public information to favored sources and then invoke FOIA exemptions to prevent disclosure to press sources not in their favor.

■ Once information has been disclosed pursuant to the authority of a high government official, there is no basis to argue that a privacy interest continues to exist. *See Nation Magazine v. United States Customs Service*, 71 F.3d 885 (D.C.Cir.1995). Accordingly, the information that was disclosed to the press on the authority of the United States Attorney for the District of Indiana must be released to the general public as well. This would include the Plaintiff.

The Government has stated that it will be difficult for it to recreate the file that was released to the press by AUSA Thar. The onus is on the Government to satisfy the Court, that the material to be released to the Plaintiff is the same as was released to the reporter for the Indianapolis Star. The Defendant will be given 30 days to release the information.

**OPR Files**

■ The Government has also asserted Exemption 7(C) with regard to the OPR files relating to its investigation of the disclosure of the DEA files. The Government claims that it has invoked the exemption in order to protect the privacy interests of the AUSA who was the subject of the OPR investigation as well as the privacy of other individuals who are identified in the files.

■ As to this category of documents the Court finds that the privacy rights of the individuals outweigh the public interest in disclosure. In this regard, public employees have an expectation that information gathered in the course of internal investigations will remain private. *Beck v. Department of Justice*, 997 F.2d 1489, 1494 (D.C.Cir.1993). While the public does have an interest in examining the internal disciplinary processes of the Department of Justice, such public interest cannot be held to be superior to the privacy interests of those employees who may, from time to time, come under the scrutiny of OPR. It would be grossly unfair to release such information and subject dedicated public servants to unnecessary scrutiny for every complaint that has been filed, regardless of the merits.

■ Plaintiff has provided this Court with a press article in which an unnamed Official of the Justice Department confirmed the existence of the OPR investigation and AUSA Thar has publically acknowledged the same. Such limited disclosure cannot in and of itself serve to waive the application of Exemption 7(C). While express disclosure by individuals involved in specific matters may serve to waive privacy rights, the limited disclosure that occurred in this case does not warrant a finding that the agency or the individuals involved have waived their privacy rights. *See Nation Magazine, supra.*

## CONCLUSION

To the extent that the DEA file was released to the press upon authority of a high Justice Department official with apparent authority to make such disclosures, it also must be released to the Plaintiff. With regard to the OPR files, the Government has properly invoked Exemption 7(C) and may continue to withold such information from public disclosure. An appropriate order follows this Memorandum Opinion.

## ORDER

These matters come before the Court on cross-motions for summary judgment. For the reasons stated in the Court's Memorandum Opinion of this date it is hereby

**ORDERED** that to the extent that Plaintiff seeks material that previously has been released to the press, upon the authorization of the U.S. Attorney for the District of Indiana, Plaintiff's motion for summary judgment is **GRANTED** and Defendants' motion for summary judgment is **DENIED**. It is further

**ORDERED that** within 30 days from the date of this Order, the Defendant shall release to the Plaintiff all documents that previously have been released to the press. It is further

**ORDERED** that, Plaintiff's motion for summary judgment requesting files from the Office of Professional Responsibility, is **DENIED** and Defendants' motion for summary judgment is **GRANTED**.

This Court retains jurisdiction to issue such further Orders as may be necessary to effectuate this decision.